UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| ALAMEDA COUNTY ELECTRICAL INDUSTRY SERVICE CORPORATION, *et al.*,<br><br>            Plaintiffs,<br>      v.<br><br>RONALD WALTER STUWARD,<br><br>            Defendant.<br>_____/ | No. C 11-05676 LB<br><br>**ORDER RE REQUEST TO SERVE BY PUBLICATION**<br><br>[ECF No. 19] |

In this ERISA action, Plaintiffs – collective bargaining trust funds and the trustee – request the court reconsider its previous orders denying Plaintiffs permission to serve Defendant Ronald Stuward by publication. ECF No. 19 at 1.[1]

**STATEMENT**

Plaintiffs filed this action against Defendant Ronald Walter Stuward, doing business as Digital Electric Enterprises, on November 23, 2011. *See* Complaint, ECF No. 1. Plaintiffs originally moved for permission to serve Stuward by publication on March 23, 2012. ECF No. 7. During an April 13, 2012 telephonic status hearing in the matter, the court suggested additional steps that the parties might take to effect service. *See* Order, ECF No. 11 at 3. On April 16, 2012, the court

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

C 11-05676 LB
ORDER

denied Plaintiffs' request without prejudice and suggested they file a renewed motion detailing their further efforts at serving Stuward. On July 17, 2012, Plaintiffs filed another motion requesting permission to serve Stuward by publication. *See* ECF No. 14. The court denied Plaintiffs' second motion because Plaintiffs had not tried to serve Stuward at all of the possible addresses and because the court could not resolve inconsistencies in Plaintiffs' account of their service attempts. *See* Order, ECF No. 15.

On October 26, 2012, Plaintiffs filed a case management conference statement asking the court to reconsider its previous ruling. *See* ECF No. 17 at 6. Plaintiffs explained that they had attempted to serve Stuward at the remaining possible addresses and they reconciled the inconsistencies in their previous filings. *Id.* The court construed Plaintiffs' case management conference statement as a request for leave to file a motion for reconsideration under Local Civil Rule 7-9(a), which the court granted. *See* ECF No. 18. Plaintiffs then filed the pending motion on December 5, 2012.[2] *See* Mem. of P. & A. Supp. Mot. for Reconsideration ("Motion"), ECF No. 19-1.

## DISCUSSION

Plaintiffs ask the court to reconsider its prior orders denying leave to serve by publication and that it now permit such service. They explain that since the court's July 30, 2012 order, they attempted to service at several previously unknown potential addresses for Stuward and have now demonstrated reasonable diligence. The court agrees and grants both requests.

### I. REQUEST FOR RECONSIDERATION

The court's previous denials were without prejudice to renewal of the request following more efforts to serve. In any event, a district court can "reconsider" non-final judgments pursuant to Federal Rule of Civil Procedure 54(b) and the court's "inherent power rooted firmly in the common law" to "rescind an interlocutory order over which it has jurisdiction." *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 887 (9th Cir. 2001). Under this District's Civil Local Rules, plaintiffs must seek permission from the court prior to filing a motion for reconsideration. N.D. Cal.

---

[2] The court finds this suitable for determination without a hearing under Civil Local Rule 7-1(b).

C 11-05676 LB
ORDER     2

Civ. L.R. 7-9(a). In seeking permission from the court, plaintiffs must show that (1) at the time of the motion, a material difference in fact or law exists that was not previously presented to the court, (2) there has been an emergence of new material facts or a change in law since the court issued the order, or (3) there was a "manifest failure by the Court to consider material facts or dispositive legal arguments" that were presented to it. N.D. Cal. Civ. L.R. 7-9(b). Reconsideration is appropriate only when (1) the court is presented with newly discovered evidence, (2) the underlying decision was in clear error or manifestly unjust, or (3) there is an intervening change in controlling law. *See School Dis. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

In its July 30 Order, the court listed three possible addresses for Stuward that the court located through a free on-line search and pointed out inconsistencies in Plaintiffs' account of their attempts to serve Stuward. *See* Order, ECF No. 15 at 2. The court stated that "[i]f Plaintiffs can reconcile their previous statements and show that they have attempted service at the listed addresses (or explain why those addresses are inaccurate) the court will reconsider its ruling." *Id.* at 3.

In the pending motion, Plaintiffs explain that they have complied with the court's order and they characterize the court-provided addresses as newly discovered evidence. *See* Mot., ECF No. 19-1 at 7-8. The court agrees and reconsiders its previous ruling.

## II. REQUEST TO SERVE BY PUBLICATION

The court next considers whether to permit Plaintiffs to serve Stuward by publication. Plaintiffs argue that they have demonstrated reasonable diligence in effecting service. *See id.* at 8-9.

Under Federal Rule of Civil Procedure 4(e), a plaintiff may serve an individual defendant using any method permitted by the law of the state in which the district court is located or in which service is effected. Fed. R. Civ. P. 4(e)(1). Service by publication is permissible under California law where the court determines that the party to be served cannot with reasonable diligence be served in another manner. Cal. Code Civ. Proc. § 415.50(a).

In determining whether a plaintiff has exercised "reasonable diligence," the court examines the affidavit required by the statute to see whether the plaintiff "took those steps a reasonable person who truly desired to give notice would have taken under the circumstances." *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333 (1978). And, because of due process concerns, service by

C 11-05676 LB
ORDER    3

publication should be allowed "only as a last resort." *Id.* The fact that a plaintiff has taken one or a few reasonable steps does not necessarily mean that "all myriad . . . avenues" have been properly exhausted to warrant service by publication. *Id.*

Here, Plaintiffs explain that they have attempted to locate Stuward through internet searches, skip traces, and a post office inquiry. *See* Tosdal Decl., ECF No. 19-2 at 1-2 (quoting Thomas Decl., ECF No. 14-1 at 1-3; Thomas Decl., ECF No. 8 at 1-2). Plaintiffs found twelve possible addresses for Stuward, attempted to serve him at each address, but were uniformly unsuccessful. *See id.* at 2-5; *id.* at Exs. A-K, ECF No. 19-2 at 6-32. Plaintiffs made repeated attempts to locate Stuward at many of the addresses discovered and found evidence suggesting that Stuward would not be located at the others. *See id.*

In this district, Judge Lloyd granted permission where the plaintiff has conducted an internet WHOIS search, hired a private investigator, and subpoenaed several internet companies in an effort to discover defendants' true identities. *Combs v. Doe*, No. C10-01120 HRL, 2010 WL 4065630, at *1-*2 (N.D. Cal. Oct.15, 2010). On the other hand, Judge Chen denied permission where the plaintiff attempted personal service more than once through a process server and also conducted Internet searches (using Lexis's accurint.com) but did not, e.g., search any Bay Area city telephone directories for the defendants' names nor attempt service by mail. *Duarte v. Freeland*, No. C-05-2780 EMC, 2008 WL 683427, at *2-3 (N.D. Cal. Mar. 7, 2008).

The court is now satisfied that Plaintiffs have exercised reasonable diligence and **GRANTS** their request to serve by publication.

## CONCLUSION

Plaintiffs may serve Defendant Ronald Walter Stuward by publication pursuant to Federal Rule of Civil Procedure 4(e)(1), California Code of Civil Procedure, section 415.50, and California Government Code, section 6064 by publishing the summons in a newspaper of general circulation at least once per week for four successive weeks, with at least five days intervening between the respective publication dates. Service by publication shall be deemed complete after the twentieth day following the first day of publication. The court vacates the hearing set for January 17, 2013.

This disposes of ECF No. 19 .

C 11-05676 LB
ORDER                                           4

**IT IS SO ORDERED.**

Dated: January 7, 2013

_____
LAUREL BEELER
United States Magistrate Judge